### FRENCH, ESTATE OF, In Re

Ohio Appeals, 2nd Dist, Montgomery Co

No 1422. Decided Feb 4, 1937

Hollencamp & Lair, Dayton, for appellant.

Jacobson & Durst, Dayton, for appellee.

### OPINION

By BARNES, J.

The above entitled cause is now being determined upon appeal taken on question of law from the judgment of the Court of Common Pleas of Montgomery County, Ohio.

The sole question for determination in this court is as to whether or not the Common Pleas Court of Montgomery County

was in error in dismissing the appeal attempted to be prosecuted in that court from the judgment of the Probate Court of Montgomery County, Ohio; in other words, whether or not the order made by said Probate Court was an appealable order.

On September 11, 1933, I. Newton French, as executor of the last will and testament of his former wife, Ella I. French, deceased, filed a first and final account in the Probate Court of Montgomery County, Ohio. The account was approved and settled by the court on November 1, 1933. On October 6, 1934, the present appellant Allen C. McDonald, filed an application and exception to the account, said exception being on the claimed ground of mistake or error and fraud or collusion. The exceptor, McDonald also claimed to be a creditor of the estate.

On October 25 1934, I. Newton French, filed a motion to dismiss the application and exception. On June 11, 1935, the Probate Court determined that the purported application and exception did not state a ground for relief and dismissed the attempted proceeding.

Thereupon an appeal was taken by the said McDonald as creditor to the Common Pleas Court, said appeal asserted to be authorized under the provisions of §10501-56 GC.

The appeal was sought to be perfected by giving bond in an amount as fixed by the court. From the attempted appeal thus taken I. Newton French filed his motion in the Common Pleas Court to dismiss such appeal on the ground that the proceedings in the Probate Court from which the appeal was attempted were not legally appealable.

The motion to dismiss was sustained and from this order appeal is taken to this court on questions of law. The pertinent portion of §10501-56 GC reads as follows:

"Appeal may be taken to the Common Pleas Court by a person against whom it is made or whom it affects from any order, decision, or judgment of the Probate Court in settling the accounts of an executor, administrator, guardian and trustee or of assignees, trustees or commissioners of insolvents."

The remaining portion of the section has no application. The Common Pleas Court held that the order of the Probate Court dismissing the application and exceptions did not constitute an order, decision, or judgment in settling the accounts of the executor, I. Newton French.

We have no difficulty in arriving at the conclusion that the trial court was correct in this determination.

It is apparent that appellant did not appeal from the order of the Probate Court settling the executor's account. His attempted appeal was from the refusal of the Probate Court to entertain application and exceptions presented approximately a year after the account had been settled. The mere fact that appellant sought to open up the account would not bring the adverse order within the provisions of the statute. Our court had this statute under consideration in the case of **In Re Estate of White, Shelby County, 21 Abs pp. 528, 531.** We there held that the Probate Court's refusal to extend time for accounting was not an order settling an account of an executor; further that the order striking the fourth and final account from the files was not such an order and therefore that neither were appealable.

We find no prejudicial error.

The judgment of the Court of Common Pleas will be affirmed and costs adjudged against appellant.

CRAIG, PJ, and HORNBECK, J, concur.